IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 92-371

GREGG A. MOSELY

      Applicant,

     v.

LAKE COUNTY, JUSTICE COURT, LAKE
COUNTY, MONTANA, CHARLES O. WHITSON,
JUSTICE OF THE PEACE,

      Respondent.

OPINION
AND
ORDER

FILED

JAN 12 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

This matter came before us on application by Gregg A. Mosely for a writ of supervisory control. Mosely raised numerous issues regarding the proceedings in which he was involved in the Justice Court of Lake County, Montana, including whether the Justice Court exceeded its jurisdiction. By Order dated November 12, 1992, we denominated Mosely's application as one for a writ of certiorari, granted the writ, and provided the parties an opportunity to brief the jurisdictional issues. Because we decide this case on jurisdictional grounds alone, we set forth neither the other issues raised by Mosely nor the facts upon which those issues are argued.

Mosely was charged in the Justice Court, Lake County, Montana, with intentionally introducing fish into Lake Mary Ronan. A person convicted of this offense is "guilty of a misdemeanor punishable by a fine of not less than $500 and may be fined up to the amount necessary to eliminate or mitigate the effects of the violation. . . ." Section 87-5-721(2), MCA.

The Justice Court ultimately accepted Mosely's plea of guilty to the charge, fined him $515, suspended his fishing privileges and

1

ordered "restitution to be paid." The record reflects that the "restitution" amount was intended to be the dollar amount necessary to eliminate or mitigate the effects of the violation, as authorized by § 87-5-721(2), MCA. Mosely paid the fine and subsequently received from the Lake County Attorney's Office a statement for "present restitution amount regarding costs associated with" his offense; the stated restitution amount "to date" was $1,547.62.

Initially, it is clear that the Justice Court was not authorized to impose "restitution" for a violation of § 87-5-721(2), MCA. Restitution can be required only when a sentence is deferred or suspended. See §§ 46-18-241 and 46-18-201, MCA. The Justice Court neither suspended execution, nor deferred imposition, of sentence here. It is equally clear, however, that § 87-5-721(2), MCA, authorizes a sentencing court to impose a fine in the amount necessary to mitigate the effects of the violation. On this basis, the State argues that the ordered "restitution" properly can be deemed a "fine" of the mitigation amount as authorized by § 87-5-721(2), MCA, under these circumstances. Even if accepted, this argument does not change the outcome here, as discussed below.

The jurisdiction of the justices' courts over criminal offenses is set forth in § 3-10-303, MCA. For the most part, the jurisdictional grants contained therein are general in nature; for example, the justices' courts have exclusive jurisdiction over misdemeanors punishable by a fine not exceeding $500, and concurrent jurisdiction with the district courts over misdemeanors punishable by a fine exceeding $500. Sections 3-10-303(1) and 3-

2

10-303(3), MCA. Notwithstanding these general jurisdictional grants, however, the legislature set forth a specific grant of jurisdiction to the justices' courts with regard to fish and game violations: justices' courts have jurisdiction "of all violations of fish and game statutes punishable by a fine of not more than $1,000 or imprisonment for not more than 6 months, or both." Section 3-10-303(2), MCA.

The statute which Mosely was charged with violating, § 87-5-721, MCA, is inarguably a fish and game statute. As amended by the legislature in 1991, a violation of the statute is a misdemeanor punishable by a fine "up to the amount necessary to eliminate or mitigate the effects of the violation." Id. In other words, the legislature set no limit whatsoever on the fine which could be imposed as punishment for violating the statute.

We determine first a matter conceded by the State: namely, that the specific jurisdictional grant over violations of fish and game statutes contained in § 3-10-303(2), MCA, controls over the general grant of concurrent jurisdiction over misdemeanors punishable by a fine exceeding $500 contained in § 3-10-303(3), MCA. Where, as here, a general provision and a particular provision are inconsistent, the particular intention controls. Section 1-2-102, MCA.

Next, we address the extent of the justices' courts' jurisdiction over the offense with which Mosely was charged. The State urges us to conclude that only the amount of the "fine" exceeding $1,000 was in excess of the court's jurisdiction. However, the plain language of the specific jurisdictional grant

3

mandates our conclusion that the Justice Court did not have any jurisdiction whatsoever over the offense charged.

Section 3-10-303(2), MCA, grants the justices' courts jurisdiction over "violations of fish and game statutes punishable by a fine of not more than $1,000. . . ." (Emphasis added.) As discussed above, a violation of § 87-5-721(2), MCA, is punishable by an open-ended, potentially limitless fine equalling the costs of eliminating or mitigating the effects of the violation. A violation of the statute is "punishable by" a fine of more than $1,000. Thus, the violation is not within the jurisdictional grant to the justices' courts' contained in § 3-10-303(2), MCA. The jurisdictional statute simply does not say, as the State urges, that jurisdiction depends on the punishment "imposed." For that reason, we need not address potential difficulties with a statute granting jurisdiction on the basis of a sentence ultimately imposed.

We note that this result is almost certainly the product of inadvertence by the 1991 Montana legislature. It appears that when the legislature amended § 87-5-721, MCA, to provide for an enhanced fine to cover mitigation costs in 1991, it may have inadvertently failed to make a corresponding amendment to the justices' courts' jurisdiction over violations of fish and game statutes. The fact remains, however, that the legislature used plain words in both the jurisdictional statute and § 87-5-721, MCA, and those words leave no room for interpretation or a search for legislative intent by this Court. Our role is to ascertain what is contained in the statute, not to insert what has been omitted or omit what has been

4

inserted. Section 1-2-101, MCA.

IT IS ORDERED that:

1. The conviction and sentence in this matter be and the same are hereby vacated; and

2. This matter is remanded to the Justice Court, Lake County, Montana, with directions to dismiss the charge of violating § 87-5-721, MCA, heretofore filed against Gregg A. Mosely.

The Clerk is directed to mail a true copy of this Opinion and Order to Douglas J. Wold, Esq., to the Office of the Attorney General of the State of Montana, and to the Honorable Charles O. Whitson, Justice of the Peace, Lake County, Montana.

DATED this 12th day of January, 1993.

_____

_____

_____

_____

_____

_____
                                    Justices

Chief Justice J. A. Turnage concurring in part and dissenting in part:

I agree with the majority statement that the 1991 legislature in amending § 87-5-721, MCA, inadvertently failed to consider an amendment to § 3-10-303, MCA, and that the legislature may want to address the problem presented in this case.

I do not agree with the majority, however, that the case should be dismissed. The Justice Court fine of $515 is within the statutory sentencing jurisdiction granted justice courts and can be supported under the provisions of § 3-10-303, MCA. Section 87-5-721, MCA, is the section that the legislature may want to address concerning the misdemeanor penalty, specifically the provision that a fine "necessary to eliminate or mitigate the effects of the violation" may be imposed. If the legislature deems some form of penalty is required to eliminate or mitigate effects of violations in such matters, they may want to consider recourse to a civil action as being appropriate.

I would affirm that portion of the Justice Court's sentence imposing the $515 fine and strike the remaining portion of the sentence.

Chief Justice

6

January 12, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Douglas J. Wold
Wold Law Firm
P.O. Box 1212
Polson, MT 59860

Hon. Marc Racicot, Attorney General
Paul D. Johnson, Assistant
Justice Bldg.
Helena, MT 59620

Lake County Attorney
Lake County Courthouse
Polson, MT 59860

Hon. Charles O. Whitson
Justice of the Peace
Lake County Justice Court
Polson, MT 59860

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy